IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Linnell Richmond, Jr., ) | Case No. 6:20-cv-00152-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nannette Barnes, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 24, 2020, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 17. Petitioner filed a response. ECF No. 35. On October 6, 2020, the Magistrate Judge issued a Report construing the motion as a motion for summary judgment and recommending that it be granted. ECF No. 37. Petitioner filed objections to the Report.

---

[1] The Court notes that while Petitioner is currently being housed in Kentucky, this action was properly brought in this Court because Petitioner was housed in South Carolina at the time he filed the Petition. *See* ECF No. 1; *see also Lennear v. Wilson*, 937 F.3d 257, 282 n.1 (4th Cir. 2019); *Prince v. O'Brien*, C/A. No. 1:12-cv-64, 2012 WL 7007573, at *1 (N.D.W. Va. Oct. 24, 2012), *report adopted*, 2013 WL 441370 (N.D.W. Va. Feb. 5, 2013), *aff'd*, 519 F. App'x 170 (4th Cir. 2013).

1

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference. Briefly, this action pertains to Petitioner's hearing in front of a Discipline Hearing Officer ("DHO"). On October 20, 2019, Petitioner was provided with written notice of a charge of violating Code 205, Engaging in a Sexual Act. ECF No. 17-1 at 4. The Warden approved a re-write of the incident report for the purposes of providing a more detailed description of the incident, and, on November 9, 2019, Petitioner was

provided with an updated written notice of his charge. *Id*. at 4, 11–13, 27. On November 19, 2019, he was advised of his rights before the DHO. *Id.* at 4, 27. Petitioner also received a Notice of Discipline Hearing before the DHO. *Id*. at 25.

On December 4, 2019, the DHO hearing was held. *Id.* at 11. Petitioner was advised of his rights, including his right to a staff representative, his right to call witnesses, his right to make statements in his defense, and his right to appeal the decision of the DHO. *Id.* at 4, 11–13. Petitioner selected a staff representative who participated in the hearing and selected one witness who provided a statement to the DHO. *Id.* at 11. Petitioner presented documentary evidence in his defense; he was also given a written record of the disciplinary proceeding, which noted the evidence relied upon and the reasons for disciplinary action. *Id.* at 11–13. Upon finding that Petitioner committed the prohibited act, the DHO imposed the following sanctions: disallowance of 27 days good conduct time ("GCT"), forfeiture of 41 days of non-vested GCT, six months' loss of phone and visiting privileges, and a $50 monetary fine. *Id*. at 12. Petitioner received a copy of the DHO report on January 7, 2020. *Id*. at 13.

In the present action, Petitioner contends that his due process rights were violated at the DHO hearing when he was found guilty without any evidence, when he was provided a copy of the incident report more than five working days after the incident, and when he was provided a copy of the DHO report more than 15 working days after the DHO hearing. ECF No. 1 at 8–12. He seeks an order directing the Bureau of Prisons ("BOP") to reinstate his lost GCT, refund the monetary fine, and remove all sanctions.

Respondent argues that this action should be dismissed because Petitioner failed to exhaust his administrative remedies. ECF No. 17 at 6–7. Exhaustion of administrative remedies is an affirmative defense; accordingly, Respondent bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of her argument, Respondent submitted the Declaration of Jeanetta Bonner, a Legal Assistant in the Southeast Regional Office, and records of Petitioner's attempts to exhaust administrative remedies. ECF No. 17-2. Petitioner has also attached a sworn declaration and documents related to his efforts to exhaust administrative remedies. ECF Nos. 35-1; 35-2 at 19–29. Based on a de novo review of the record and applicable law, the Court agrees with Respondent's argument and the recommendation of the Magistrate Judge that this action is subject to dismissal for failure to exhaust administrative remedies.

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "Exhaustion of administrative remedies serves two main purposes." *Id.* at 89. First, "exhaustion protects administrative authority [by] giv[ing] an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is [hauled] into federal court, and it discourages disregard of [the agency's procedures]." *Id*. (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) (internal quotations omitted). Second, exhaustion helps promote efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court. *Id*.

4

Prior to seeking judicial relief, an inmate filing a 28 U.S.C. § 2241 petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting that courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (citation omitted) (internal quotation marks omitted). The applicable prison rules "define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "The Administrative Remedies process provides inmates with opportunities for formal review of the complaints related to any aspect of this imprisonment. To initiate the formal Administrative Remedies process for Discipline Hearing Officer (DHO) finding, an inmate must first file a request for administrative remedy with the Regional Director (BP-10) and, thereafter, to the General Counsel's National Inmate Appeals Office (BP-11)." ECF No. 17-2 at 1–2 (citing 28 C.F.R. § 542.15; 28 C.F.R. § 571.63(a)). "Appeal to the Office of General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

Here, Petitioner filed five administrative remedies at the regional level (BP-10) related to the DHO report. Four of these were rejected for failing to comply with policy; on January 13, 2020, one of his administrative remedies was accepted and later denied. On January 13, 2020, and February 5, 2020, Petitioner filed administrative remedies at the central office level (BP-11). These were rejected for failing to comply with policy. *See* ECF Nos. 17-2; 35-1; 35-2.

The Magistrate Judge recommends finding that Petitioner failed to exhaust his administrative remedies because he did not properly complete the requisite process. In his objections to the Report, Petitioner states that he "filed his second administrative remedy complaint (remedy ID: 1026224-RI) in this matter with the Southeast Regional Office in December of 2019 . . . [and] didn't receive a[] response back for over (6) month[s] until July the 21st of 2020." ECF No. 40 at 5. Petitioner asserts that because of the delayed response, his administrative remedies should be deemed exhausted, presumably pursuant to 28 C.F.R. § 542.18. *Id.*; *see* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

However, upon review of the record including the documents submitted by Petitioner and Respondent, there is no evidence to support his objection. As an initial matter, the Court is unable to locate an administrative remedy matching the identification number provided by Petitioner. The Court is also unable to locate an administrative remedy matching the dates for submission and response provided by Petitioner.

6

Moreover, the Court has been unable to locate any evidence that Petitioner failed to receive a response to any of his administrative remedies for six months.  *See Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).  Accordingly, Petitioner's objection is overruled.[2]

Based on the foregoing, the Court finds that, while Petitioner filed numerous administrative remedies, he failed to follow the proper procedures to exhaust his administrative remedies prior to filing this action[3] by filing an appropriate appeal with the Office of General Counsel.[4]  *See* 28 C.F.R. § 542.15(a).  Accordingly, this action should

---

[2] The Court further notes that most, if not all, of Petitioner's administrative remedies were filed too close in time to the filing of the Petition in this action to allow the provision of 28 C.F.R. § 542.18 to serve as a substitute for exhausting his administrative remedies. *See* ECF No. 1 (the Court construes this petition as being filed on January 13, 2020, pursuant to *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Boyd v. Warden, Perry Corr. Inst.*, 831 F. App'x 79, 80 (4th Cir. 2020)).

[3] While it appears that Petitioner may have continued to attempt to exhaust his administrative remedies during the pendency of this action, exhaustion is generally considered a prerequisite to suit.  *See Piper v. Wilson*, C/A No. 2:15-cv-00154, 2015 WL 9917224, at *2 (E.D. Va. Oct. 30, 2015), *report adopted*, 2016 WL 324983 (E.D. Va. Jan. 26, 2016), *aff'd*, 667 F. App'x 429 (4th Cir. 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir.1999)).  The Court also notes that there is no evidence that Petitioner has completed the proper exhaustion of his administrative remedies since bringing this action.

[4] Some courts have found that in cases where federal prisoners are challenging the execution of their sentence, the exhaustion requirement is judicially created rather

be dismissed without prejudice to allow Petitioner to refile his claim once he has properly complied with the exhaustion requirements.  *See, e.g., Timms*, 627 F.3d at 533; *Herrera-Villatoro v. Driver*, 269 F. App'x 372, 373 (5th Cir. 2008); *Rodriguez-Valdez v. Wilson*, C/A No. 3:13-cv-00385, 2015 WL 222172 (E.D. Va. Jan. 14, 2015); *Strouse v. Wilson*, C/A No. 3:13-cv-00653, 2014 WL 843276, at *6 (E.D. Va. Mar. 4, 2014).

## **CONCLUSION**

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation that the motion for summary judgment be granted for failure to exhaust administrative remedies.  As noted above, the dismissal of this action should be without prejudice to allow Petitioner to refile after properly exhausting his administrative remedies.  The Court specifically declines to consider Petitioner's remaining arguments with respect to the merits of his claims.  Accordingly, the Court adopts the Report of the Magistrate Judge as to his recommendation that the Court find Petitioner failed to exhaust his administrative remedies.  The remainder of the Report is found as moot.  Respondent's motion for

---

than statutory.  *See Larue v. Adams*, C/A No. 1:04-cv-00396, 2006 WL 1674487 (S.D. Va. June 12, 2006).  Those courts have therefore held that the exhaustion requirement remains within the court's discretion and may be waived in certain circumstances.  *Id.*  Courts have also held that a petitioner's failure to exhaust administrative remedies may be excused upon a showing of cause and prejudice.  *McClung*, 90 F. App'x at 445 (citing *Carmona*, 243 F.3d at 634).  Here, Petitioner's filings are devoid of any reasonable justification to excuse his own failure to exhaust administrative remedies and the Court can find no reason to waive the exhaustion requirement.

8

summary judgment [17] is **GRANTED** for failure to exhaust administrative remedies and the Petition is denied without prejudice.

    IT IS SO ORDERED.

                              s/ Donald C. Coggins, Jr.
                              United States District Judge

March 24, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.